**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tina Pulice,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Evangelical Lutheran Good Samaritan Society, et al.,<br><br>　　　　　Defendants. | No. CV-19-01214-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Defendant[1] The Evangelical Lutheran Good Samaritan Society's Motion for Summary Judgment. (Doc. 34.) Defendant has also provided a separate statement of facts. (Doc. 35, "DSOF.")

Shortly after Defendant's motion was filed on April 14, 2020, the Court advised Plaintiff Tina Pulice, a *pro se* litigant, that she must respond to it by May 20, 2020.[2] (Doc. 37.) In so doing, the Court highlighted that "fail[ing] to respond to Defendant's Motion by [May 20, 2020] will result in the Court deeming Defendant's Motion as being unopposed and consented to by [her]." (*Id.* at 1.) The Court also highlighted that summary judgment motions are governed by Federal Rule of Civil Procedure ("Rule") 56 and Local Rule of Civil Procedure ("Local Rule") 56.1 and warned her that "fail[ing] to strictly adhere to the

---

[1] Aside from The Evangelical Lutheran Good Samaritan Society, the complaint lists fictitious defendants John and Jane Does I-X, Black and White Corporations I-X, and Black and White Partnerships IX. (Doc. 1-3 at 6-7.) For purposes here, "Defendant" refers to The Evangelical Lutheran Good Samaritan Society.

[2] Before the Court advised Ms. Pulice of her obligations in responding to the motion, she filed a one page "response" concerning miscellaneous aspects of the case in which she stated that "[she] would like to proceed with the case and present the evidence on [her] own behalf." (Doc. 36 at 2.)

provisions of this or any other Court Order may result in dismissal of [her] Complaint pursuant to Rule 41." (Doc. 37 at 1-2.)

Five days before Ms. Pulice's deadline, she filed a response in violation of Rule 56 and Local Rule 56.1. (Doc. 38.) The Court informed Ms. Pulice of these shortcomings and permitted her to file an amended response that complies with Rule 56 and Local Rule 56.1 by May 29, 2020. (Doc. 39.) On May 26, 2020, Ms. Pulice submitted a response without a separate statement of facts, in violation of Local Rule 56.1.[3] (Doc. 40.) Defendant replied to Ms. Pulice's response in support of its motion. (Doc. 41.) Having considered the pleadings and relevant law, the Court will grant the motion.

## I. BACKGROUND[4]

This wrongful death case arises out of the death of Joseph Pulice, Ms. Pulice's father.[5] (Doc. 1-3 at 6-9.) In November 2017, Mr. Pulice, who was 90 years old at the time, suffered a stroke and was admitted to St. Joseph's Hospital and Medical Center in Arizona. (*Id.* at 7.) After his recovery at St. Joseph's, he was transferred to Defendant's facility for rehabilitation. (*Id.*) While there, the complaint alleges that he was a vulnerable adult. (*Id.*) It also alleges that the staff at Defendant's facility refused to keep Mr. Pulice's bed elevated, which "was necessary to decrease his risk of aspiration." (*Id.*) After being at Defendant's facility for an unspecified time, Mr. Pulice was readmitted to St. Joseph's on December 17, 2017. (*Id.* at 8.) He was discharged from St. Joseph's four days later with diagnoses of aspiration pneumonia, dehydration, acute kidney injury, and oropharyngeal dysphagia. (*Id.*) No allegation addresses Mr. Pulice's whereabouts between November 30, 2017 and December 17, 2017 or after December 21, 2017 until January 10, 2018.

On January 11, 2018, Mr. Pulice was readmitted to St. Joseph's for a status check

---

[3] For instance, Local Rule 56.1(b) requires that "[a]ny party opposing a motion for summary judgment must file a statement, separate from that party's memorandum of law." LRCiv 56.1(b). It also requires that a response "include citations to the specific paragraph in the statement of facts that supports assertions made in the [response] regarding any material fact on which the party relies." *Id.* 56.1(e). Ms. Pulice did neither.

[4] Ms. Pulice initially brought this case in Maricopa County Superior Court on January 11, 2019. (Doc. 1-3.) On February 21, 2019, Defendant removed it to this Court and answered the complaint on March 19, 2019. (Doc. 16.)

[5] Since no evidence supports any of Ms. Pulice's allegations, the Court provides the relevant background based solely on the allegations contained in her complaint.

and released later that day. (*Id.*) Then five days later, he was again admitted to St. Joseph's Hospital after presenting aspiration pneumonia and dehydration complications. (*Id.*) Sometime after presenting these complications at St. Joseph's, he was transferred to Hospice of the Valley, where he died on February 1, 2018 despite efforts to save him. (*Id.*)

About a year after Mr. Pulice's death, while the case was in Maricopa County Superior Court, Ms. Pulice certified that expert opinion testimony is necessary to establish the standard of care and prove liability for her wrongful death claim. (*Id.* at 16.) Then on May 31, 2019, the parties filed their joint case management report in which Ms. Pulice agreed that expert opinions would be disclosed by September 10, 2019. (Doc. 20 at 7.) As of this Order's date, Ms. Pulice has not contested that expert opinions are necessary to prove her case or that she has not disclosed them. Based on these allegations and the procedural background of this case, Defendant now moves for summary judgment.

## II.  LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is any factual issue that might affect the outcome of the case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record" or by "showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). The court need only consider the cited materials, but it may also consider any other materials in the record. *Id.* 56(c)(3). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the nonmoving party bears the burden of proof at trial, the moving party need only point

out the absence of evidence supporting the non-moving party's case. *See Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). The burden then shifts to the non-moving party who must produce evidence establishing that a genuine issue of material fact remains for trial to show granting summary judgment would be inappropriate. *See id.*

### III.  DISCUSSION

The Court, having diversity jurisdiction to hear this wrongful death action alleging medical malpractice under Arizona law, applies Arizona substantive law. *See Enter. Bank & Trust v. Vintage Ranch Inv., LLC*, No. CV-11-1797-PHX-LOA, 2012 WL 1267988, at *2 (D. Ariz. Apr. 16, 2012) ("[F]ederal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law." (quoting *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003)).

To bring a medical malpractice claim under Arizona law, a plaintiff must prove that:

> (1) "[t]he health care provider failed to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which he belongs within the state acting in the same or similar circumstances," and (2) "[s]uch failure was a proximate cause of the injury."

*Rasor v. Northwest Hosp., LLC*, 243 Ariz. 160, 163 (2017) (quoting A.R.S. § 12-563)); *Baker v. Univ. Physicians Healthcare*, 231 Ariz. 379, 384 (2013) ("In medical malpractice cases, plaintiff[] must show that a health care provider breached the appropriate standard of care and the breach resulted in injury." (citing A.R.S. § 12-563)). Both elements typically require expert medical testimony. *Rasor*, 243 Ariz. at 163 ("Unless malpractice is grossly apparent, the standard of care must be established by expert medical testimony." (citation omitted)); *Rasor v. Northwest Hosp. LLC*, 419 P.3d 956, 958 (2018) ("[U]nless a causal relationship is readily apparent to the trier of fact, expert medical testimony normally is required to establish proximate cause in a medical negligent case." (internal quotation marks and citations omitted, alteration in original)).

In cases brought against health care professionals, like this one, Arizona law provides that "the claimant . . . shall certify in a written statement that is filed and served

with the claim . . . whether or not expert opinion is necessary to prove the health care professional's standard of care or liability for the claim." A.R.S. § 12-2603(A). In situations where a certification is filed, also like here, "the claimant shall serve a preliminary expert opinion affidavit with the initial disclosures that are required by rule 26.1, Arizona rules of civil procedure." *Id.* § 12-2603(B). The statute also provides that:

> The court, on its own motion or the motion of the health care professional . . . , shall dismiss the claim against the health care professional . . . without prejudice if the claimant . . . fails to file and serve a preliminary expert opinion affidavit after the claimant . . . or its attorney has certified that an affidavit is necessary or the court has ordered the claimant or the party designating a nonparty at fault to file and serve an affidavit.

*Id.* § 12-2603(F). This statute applies here.[6] *See*, *e.g.*, *Mann v. United States*, No. CV-13-1224-TUC-CKJ, 2014 WL 4230810, at *5 (D. Ariz. Aug. 27, 2014).

Defendant moves for summary judgment on the basis that Ms. Pulice has disclosed no expert opinion, as required by A.R.S. § 12-2603. (Mot. at 5-6.) While Ms. Pulice does not substantively respond to Defendant's legal arguments or factual assertions, she concedes that no expert testimony has been provided even though she certified that it is necessary for proving her case. (*See* Doc. 1-3 at 16.) In fact, she maintains that expert testimony, along with other forms of evidence, is *still* essential for her case. (*See* Doc. 40 at 2.) That is, she asserts that "[she] would like to present evidence in multiple formats." This "evidence" includes: "1) three witnesses[;] 2) 1-expert nursing director[;] 3) Photographic evidence[;] 4) hospital summary reports[;] [and] 5) diagnosis [*sic*] after accident." (*Id.*) However, none of these things has been provided. In other words, Ms. Pulice acknowledges that these things are necessary to support her claim, but she nevertheless fails to provide them. The Court agrees with Ms. Pulice that these things, or some evidence supporting her claim, is necessary for proving her claims. However, because nothing has been provided to support Ms. Pulice's claim, the Court will grant summary

---

[6] The Court also notes that Ms. Pulice does not dispute this statute's applicability.

judgment in Defendant's favor. *Cf. Celotex Corp.*, 477 U.S. at 322.

## IV.     CONCLUSION

In addition to establishing Ms. Pulice's noncompliance with A.R.S. § 12-2603, which permits dismissing this case, Defendant has also established the absence of any evidence supporting her wrongful death claim. Without any evidence in support of Ms. Pulice's claim, especially in a situation where she acknowledges the necessity of expert testimony but provides none, Defendant's motion for summary judgment must be granted. *Cf. Celotex Corp.*, 477 U.S. at 322-25.

Accordingly,

**IT IS ORDERED GRANTING WITH PREJUDICE** Defendant's Motion for Summary Judgment, (Doc. 34);

**IT IS FURTHER ORDERED DIRECTING** the Clerk of Court to enter Judgment in favor of Defendant and terminate this case.

Dated this 30th day of June, 2020.

Honorable Susan M. Brnovich
United States District Judge